UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR BEKKER, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Neuberger Berman 401(k) Plan,<br>                             Plaintiffs,<br><br>        v.<br><br>NEUBERGER BERMAN GROUP LLC 401(k) PLAN INVESTMENT COMMITTEE  and JANE AND JOHN DOES 1–25,<br><br>                             Defendants. | No.1:16-cv-06123-LTS-BCM |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO AMEND THEIR COMPLAINT**

Plaintiff Arthur Bekker, individually and on behalf of a class of similarly situated participants submits this Memorandum of Law in support of their motion pursuant to Rule 15(a)(2) for leave to file a First Amended Complaint. Plaintiff seeks to amend his Complaint to cure deficiencies identified by the Court in its ruling on Defendants' motion to dismiss. (Dkt. 76) This is the first amendment sought by Plaintiff. No scheduling order has been set setting a deadline for amended pleadings.

Through his First Amended Complaint, Plaintiff seeks to: (1) remove Defendants dismissed under this Court's September 27, 2018, Order; (2) update existing allegations with respect to the Value Equity Fund's performance and fees; (3) add factual allegations to support Plaintiff's Breach of Fiduciary Duty Claims which address the Court's stated basis for dismissing those claims; and (4) request a trial by jury. These new allegations specifically address the Court's stated deficiency with the original Complaint, namely that the Value Equity

1

Fund's performance and fees were not compared to other actively managed funds and that Plaintiff did not allege sufficient facts to support a claim that a prudent or loyal fiduciary would have removed the Fund in favor of superior alternatives. The jury demand is consistent with recent case law within this district permitting trial by jury over retirement plan beneficiaries' claims for money damages against plan fiduciaries (*Cunningham v. Cornell Univ.*, No. 16-cv-6525, 2018 WL 4279466 (S.D.N.Y. Sept. 6, 2018) (Castel, J.)), an issue which is presently before the Second Circuit. *See* Notice of Appeal at ¶7, *Sacerdote v. New York Univ.*, No. 16-cv-6284 (S.D.N.Y. Dec. 19, 2017), ECF No. 355 at 2.

## INTRODUCTION

The Court should grant Plaintiff's motion for leave to file a First Amended Complaint. There are no "compelling reasons" to deny Plaintiff the opportunity to amend his pleading under controlling Second Circuit authority. Plaintiff's proposed pleading is not the result of delay or bad faith. The Court entered its dismissal Order on September 27, 2018, and Plaintiff has timely moved to address the Court's concerns. Dkt. 76. The amended pleading will also not prejudice Defendants as the Court has not entered a discovery or briefing schedule on Plaintiff's prohibited transaction claim. An initial case management conference has been scheduled by Judge Moses for November 8, 2018. Dkt. 78. Accordingly, this Court should grant Plaintiff's motion in its entirety.

## BACKGROUND

The Complaint was filed on August 2, 2016. Dkt. 1. Defendants filed a Motion to Dismiss on October 3, 2016. Dkt. 20. On September 27, 2018, the Court granted Defendants' Motion it its entirety as to certain Defendants and, with respect to Plaintiff's breach of fiduciary duty claims, this Court granted Defendants' Motion as to all Defendants. Dkt. 76. Concerning the breach of fiduciary duty claims, the Court held that "Plaintiff's factual allegations are merely consistent with a possible breach of Defendants' fiduciary duties, but are not sufficiently suggestive of wrongdoing to cross the plausibility threshold." Dkt. 76 at 14. The Amended

Complaint is largely intended to provide sufficient factual allegations to meet the Court's required threshold.

## ARGUMENT

**A.      Legal Standard.**

Rule 15(a) provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15's liberal amendment policy, there is a strong preference for allowing plaintiffs to amend inadequate pleadings. *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint"); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962) (Leave to amend or plead a complaint is to be "freely given when justice so requires"). The Second Circuit has stated that it is "hesitant to preclude the prosecution of a possibly meritorious claim because of defects in the pleadings." *Ross v. A.H. Robins Co.*, 607 F.2d 545, 547 (2d Cir. 1979) (reversing dismissal with prejudice).

This Court has indicated that the claims are, in fact, potentially meritorious. Dkt. 76 at 14 (calling the allegations "consistent with a possible breach of Defendants' fiduciary duties"). The liberal allowance for a first amendment to an ERISA complaint following dismissal is well recognized in this district. *See, e.g., In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litigation*, 08-mdl-1963, 2011 WL 4357166, *2–3 (Sept. 13, 2011) (J. Sweet) ("A sound theory of pleadings should normally permit at least one amendment of a complex ERISA complaint that has failed to state a claim where, as here, the Plaintiffs might be expected to have less than complete information about the defendants' organization and ERISA responsibilities, where there is no meaningful evidence of bad faith on the part of the plaintiffs, and where there is no significant prejudice to the defendants.") (quoting *Harris v. Amgen, Inc.*, 573 F.3d 728, 736–37 (9th Cir. 2009)).

The liberal standard set out in Rule 15 may be tightened only in limited circumstances where: (1) the plaintiffs has unduly delayed seeking leave to amend; (2) the plaintiff's request is made in bad faith or with a dilatory motive; (3) the plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed; (4) the amendment would cause undue prejudice to the opposing party; or (5) the effort to amend is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors apply here.

**1. Plaintiff Has Not Delayed in Seeking Leave.**

Plaintiff has not delayed seeking leave to amend. The Court entered its dismissal order less than three weeks before this motion for leave to amend, during which time Plaintiff has gathered additional facts to support his fiduciary breach claims, approached Defendants' for consent, and engaged in a meet and confer process with Defendants. This case has been, in effect, stayed during the past two years. As the case remains essentially at the pleadings stage, any argument that Plaintiff has delayed seeking leave to file their Amended Complaint is without merit. Meanwhile, the jury demand arises from the September 6, 2018 order in *Cunningham v. Cornell Univ.*, which permitted a jury demand pending settlement of the issue by the Second Circuit. This, Plaintiffs have not unduly delayed amending their complaint in response.

**2. Plaintiff Makes This Request In Good Faith With No Desire to Delay.**

The new amendments are in specific response to the Court dismissal order and Judge Castel's determination in *Cunningham* . In particular, many of the amendments address the Court's concern that the original Complaint did not compare the Value Equity Fund's fees against other actively managed investments within the same asset category. While the comparison to benchmark and index fund returns as been widely accepted as sufficient by other courts, the Amended Complaint alleges facts showing that the Value Equity Fund was also

4

significantly more expensive than peer medians as well as all of the most widely-used actively managed funds with the same investment style and strategy. *See*, *Brotherson v. Putnam Investments LLC*, --- F.3d ---- (1st Cir. Oct. 15, 2018) (reversing district court rejection of comparing actively managed fund returns to indexes).

The Amended Complaint also alleges, with factual support, that had Defendants applied the same scrutiny to the Value Equity Fund as they did to other Plan investments, they would have removed the Value Equity Fund.

### 3. Plaintiff Has Not Failed to Cure Deficiencies By Previous Amendments.

As described above, this is Plaintiff's first amendment.

### 4. The Amendment Would Not Prejudice Defendants

In evaluating prejudice, courts consider whether an amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial," "significantly delay the resolution of the dispute," or "prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). As discussed above "the parties have not begun discovery, and… it is common practice to allow plaintiffs to amend their complaints following dismissal." In addition, "denial of Plaintiff's motion will preclude [him] from correcting the flaws in [his] first… complaint." *In re Bear Stearns Co., Inc. Securities, Derivative, and ERISA Litig.*, 2011 WL 4357166, *3. Accordingly, amendment will not prejudice Defendants, but would significantly harm Plaintiff.

### 5. Plaintiff's Proposed Amendments Are Not Futile.

The Court dismissed the fiduciary breach claims, but noted that "[a] plaintiff may satisfy the burden of pleadings a breach of fiduciary duty by alleging a combination of circumstantial facts that are suggestive of, rather than merely consistent with, a breach of fiduciary duty." Dkt.

76 at 11. The additional factual allegations further suggest plausibly that Defendants active imprudently and disloyally with respect to the Value Equity Fund. Plaintiff's Amended Complaint alleges:

(1) the manager of the Fund was one of Neuberger's largest shareholders (Proposed First Amended Complaint ("FAC") at ¶ 10);

(2) in addition to being 40 times more expensive than passively-managed alternatives investing in the same securities, the Fund was between 54% and 66% more expensive than the median fee for actively-managed funds of the same style (FAC at ¶¶ 53–XX);

(3) the Fund is more expensive than the 10 largest large-cap blend actively managed mutual funds and the 11 largest large-cap value actively managed mutual funds — a fact which has been true for all but the first six months of the Class Period. On average, the Fund was 75% more expensive than these actively managed blend alternatives and 139% more expensive than the large cap value alternatives. (FAC at ¶¶ 55–57);

(4) the Fund underperformed average mutual funds with the same investment philosophies, while over 90% of the largest comparable actively managed alternative funds outperformed their peers over the Class Period. (FAC at ¶¶ 64);

(5) the Fund charged participants fees of 80 basis points (0.80%), nearly triple the fees charged *by Neuberger* to institutional investors in the marketplace to actively manage portfolios within the same asset class, large cap blend and large cap value (FAC at ¶¶ 59–60);

(5) the Fund is more expensive and lower performing than Neuberger's large cap value mutual funds offered in the retail marketplace to the general public, even though a large plan like Neurberger's should take advantage of institutional product pricing (FAC at ¶ 58);

6

(5) in addition to underperforming its benchmarks consistently during the Class Period, the Fund also underperformed its peer group medians in the index and actively managed large cap value and large cap blend categories (FAC at ¶¶ 62–65, 85–86);

(6) following Defendants' Investment Policy Statement, Defendants removed two non-proprietary funds following periods of underperformance far shorter in duration and smaller in magnitude than the underperformance of the Fund, but continued to include the Fund in the Plan notwithstanding it should have been removed under the Investment Policy Statement (FAC at ¶¶ 76–87).

(7) the few Fund investors outside of the Plan are either known to have business relationships with Neuberger or were far too small to qualify for the lower cost alternatives available to Defendants and the Plan (FAC at ¶¶ 71–75).

These additional facts further support Plaintiff's contention that Defendants failed to discharge their duties with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use, and that Defendants failed to discharge their duties solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries. See 29 U.S.C. §1104(a)(1).

Plaintiff's jury demand is not futile in light of Judge Castel's holding in *Cunningham v. Cornell University* that ERISA plaintiffs are entitled to trial by jury over retirement plan beneficiaries' claims for money damages against plan fiduciaries. *Cunningham v. Cornell Univ.*, No. 16-cv-6525, 2018 WL 4279466 (S.D.N.Y. Sept. 6, 2018) (finding a right to trial by jury over claim that "asks the Court to 'find and adjudge that Defendants are personally liable to make good to the Plans all losses to the Plans resulting from each breach of fiduciary duty.'"). Plaintiff

makes the same request. (FAC at ¶ 101 and Prayer for Relief C, requesting "[a]n order compelling the Defendant to make good to the Plan all losses to the Plan resulting from their breaches of their fiduciary duties and prohibited transactions, including lost-opportunity cost.")

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to amend, accept for filing the First Amended Complaint attached as Exhibit A, and grant whatever further relief the Court deems appropriate.

Dated: October 17, 2018          Respectfully submitted,

/s/ Gregory Y. Porter
Gregory Y. Porter, *pro hac vice*
Kevin W. Barrett (NY Bar# 2196343)
Ryan T. Jenny (pro hac vice)
Mark G. Boyko
Bailey & Glasser LLP
1054 31st Street NW, Suite 230
Washington DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
kbarrett@baileyglasser.com
rjenny@baileyglasser.com
mboyko@baileyglasser.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2018, a copy of the foregoing was filed with the Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gregory Y. Porter
Gregory Y. Porter, *pro hac vice*