UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ARTHUR BEKKER, *individually, on behalf of a*
*class of all other persons similarly situated, and on*
*behalf of the Neuberger Berman 401(k) plan,*

                                        Plaintiff,

                                                                    No. 16-cv-06123-LTS-BCM

                    v.

NEUBERGER BERMAN GROUP 401(K) PLAN
INVESTMENT COMMITTEE,

                                        Defendant.

----------------------------------------------------------------X

## PRELIMINARY APPROVAL ORDER

1) **CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL;**
2) **GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;**
3) **ENJOINING SETTLEMENT CLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE RELEASED CLAIMS PENDING FINAL APPROVAL OF THE SETTLEMENT;**
4) **DIRECTING NOTICE TO SETTLEMENT CLASS MEMBERS AND APPROVING THE PLAN AND FORM OF NOTICE;**
5) **APPOINTING A SETTLEMENT ADMINISTRATOR;**
6) **SCHEDULING A FINAL APPROVAL HEARING; AND**
7) **SCHEDULING A HEARING ON CLASS COUNSEL'S MOTION FOR FEES AND COSTS AND THE PAYMENT OF A CASE CONTRIBUTION AWARD TO THE PLAINTIFF.**

The Court having received and considered Plaintiff's Unopposed Motion for Preliminary

Approval, for Certification of Settlement Class, and for Appointment of Class Counsel (the

"Motion") (Docket Entry No. 132) in the above-captioned action (the "Action") and supporting

papers including the Class Action Settlement Agreement dated June 10, 2020, (the "Settlement

Agreement") and the declarations of counsel, having further considered the arguments of counsel

and the pleadings and record in this case, and having taken the Motion under submission, and

finding good cause for granting the Motion,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2.      This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.      Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.      The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Final Approval Hearing, and the mailing of notices to Settlement Class Members, each as provided for in this Order. The Court further finds that the Plan of Allocation proposed for allocating the Distributable Settlement Amount among Settlement Class Members is fair and reasonable.

5.      The Court approves the retention by Class Counsel of KCC Class Action Services LLC, as the Settlement Administrator.

6.      In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiff, and the Plan, and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, arbitration, or action (including but not limited

to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

7.      The Court approves the Notice of Proposed Class Action Settlement ("Notice") in the form attached as Exhibit B to the Settlement Agreement, subject to incorporation of the changes marked in Addendum A hereto.

## Class Certification for Settlement Purposes

8.      Pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a proposed non-opt-out Settlement Class under Rule 23(b)(1) consisting of:

> All Participants in the Neuberger Berman Group 401(k) Plan during the Class Period who had any portion of their Plan accounts, at any time during the Class Period, invested in the VEF.[1]

9.      The Class Period is defined as June 15, 2010 through December 16, 2019.

10.     Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Actions would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; and (d) Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of the Settlement Class. With respect to the Settlement Class, the Court finds that the requirements of Rule 23(b)(1)(A) and 23(b)(1)(B) have been met. Prosecution of separate actions by individual members of the Settlement Class would create a

---

[1]      Excluded from the class are: (i) Defendant Neuberger Berman Group 401(k) Plan Investment Committee and those of its current and past members who served from June 15, 2010 through August 2, 2016; (ii) non-party Marvin Schwartz; and (iii) beneficiaries, immediate family members, estates, and executors of (i) and (ii).

risk of inconsistent or varying adjudications as to individual Settlement Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action. Monetary relief ordered as a result of any one action by an individual class member would alter the Plan for all class members, impairing or impeding those other members' ability to prosecute their interests.

11.     The Court hereby finds and concludes, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that Plaintiff is an adequate class representative and certifies him as Class Representative for the Settlement Class. The Court also appoints Plaintiff's Counsel as Class Counsel for the Settlement Class.

### **Manner of Giving Notice**

12.     Defendant shall use reasonable efforts to cause data to be provided to the Settlement Administrator not later than fourteen (14) calendar days from the date of this Order sufficient to determine the identity and last known address of Settlement Class Members. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and distribution of the Settlement Fund and for no other purpose.

13.     Not later than forty-five (45) calendar days after entry of this Order, the Settlement Administrator shall send the Notice by electronic mail to Settlement Class Members who have elected to receive their quarterly statements electronically, or by first-class mail to the last address on file at Fidelity for Settlement Class Members who do not receive their quarterly statements electronically. For those receiving the Notice via mail, the mailing address will be updated by the Settlement Administrator through the National Change of Address database before mailing (with all returned mail skip-traced and promptly re-mailed).

14.     Not later than five (5) business days after sending the Notice to Settlement Class

Members, the Settlement Administrator shall provide to Class Counsel and to Defendants' Counsel a declaration attesting to compliance with the sending of the Settlement Notices, as set forth above.

15.     The Court finds that the Notice to be provided as set forth in this Order is the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, the hearing on the motion for fees, or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

16.     All reasonable costs incurred by the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

17.     The Court finds that the form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA.

## **Final Approval Hearing**

18.     The Court will hold a settlement hearing (the "Final Approval Hearing") on November 19, 2020 at 10:00 a.m.  It is expected that the hearing will be in Courtroom 17C at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Building & United States Courthouse, 500 Pearl Street, New York, New York, but the Court reserves the right to conduct it by telephone conference with public telephonic access if prudent in light of pandemic conditions.  The Court will enter an order providing the relevant access information if the proceeding will be conducted telephonically.  The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable,

adequate and in the best interests of the Settlement Class and should be approved by the Court;

(b) to determine whether a Judgment substantially in the form attached as Exhibit A to the

Settlement Agreement should be entered dismissing with prejudice all claims asserted in the

Action; (c) to determine whether the proposed Plan of Allocation (attached as Exhibit C to the

Settlement Agreement) for the net proceeds of the Settlement is fair and reasonable and should

be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys'

fees and reimbursement of litigation expenses should be approved and to determine whether a

Case Contribution Award for the Plaintiff should be approved; and (e) to consider any other

matters that may properly be brought before the Court in connection with the Settlement. Notice

of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as

set forth in Paragraph 12 of this Order. Notice of any subsequent changes to the date, time,

location, or process of the Final Approval Hearing shall be made by posting to the Settlement

Website, unless additional notice is ordered by this Court.

19.      The Court may adjourn the Final Approval Hearing and approve the proposed

Settlement with such modification as the Parties may agree to, if appropriate, without further

notice to the Settlement Class.

20.      Not later than sixty (60) calendar days before the Final Approval Hearing, Class

Counsel shall submit their application for attorneys' fees, expenses, and a Case Contribution

Award for Plaintiff. Counsel need not supply detailed billing and expense records or receipts

unless the Court directs otherwise. A summary of hours for each timekeeper, the hourly rates

used for each, and a summary of expenses by category should be sufficient.

21.      Not later than thirty (30) days before the Final Approval Hearing, Class Counsel

shall submit their papers in support of final approval of the Settlement Agreement.  Such

submission shall include affidavits or declarations in evidentiary form by persons with

knowledge of the factual representations proffered in support of approval of the settlement.

## Objections to the Settlement

22.     The Court will consider written comments and objections to the Settlement

Agreement, to the proposed award of Attorneys' Fees and Expenses, or to the request for a Case

Contribution Award for the Plaintiff only if such written comments or objections are filed with

the Court Clerk not later than fourteen (14) calendar days before the Final Approval Hearing and

comply with the requirements of Paragraph 23 below, and are served on the Parties at the

following addresses

For Filing with the Court, mail to:

Clerk of the Court
United States District Court for the Southern District of New York
500 Pearl Street, Room 120, New York, New York, 10007

To Class Counsel:

Gregory Y. Porter
Mark G. Boyko
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (314) 863-5446
Facsimile: (314) 863-5483
Email: mboyko@baileyglasser.com

To Defendant's Counsel:

Myron D. Rumeld
Proskauer Rose LLP
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: mrumeld@proskauer.com

23.     The Court will only consider written comments and objections to the Settlement

that are signed by the Settlement Class Member and are timely filed with the Court and include all

of the following: (a) the name and case number of the Action at the beginning of the document; (b) the Settlement Class Member's full name, address and telephone number at the beginning of the document, and signature at the end of the document; (c) a statement that the person submitting the comments or objections is a Settlement Class Member and an explanation of the basis upon which the person claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Final Approval Hearing in support of the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an order from the Court. The Plaintiff or Defendant may, bearing the cost, take discovery, including depositions not to exceed three hours in length, from anyone who files an objection with respect to any of the issues raised in the objection.

24.     Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Final Approval Hearing must effect service of a Notice of Intention to Appear setting forth, among other things, the name and case number of the Action, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendant's Counsel (at the addresses set out above) and file it with the Court Clerk in the manner set forth in paragraph 22 above by no later than 14 calendar days before the Final

Approval Hearing. Anyone who does not timely file and serve a Notice of Intention to Appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

25.     The Parties shall file written responses to any objections not later than seven (7) business days before the Final Approval Hearing.

## Termination of Settlement

26.     This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective statuses in the Action as of March 23, 2020, prior to this Settlement Agreement, if the Settlement Agreement is terminated in accordance with the terms of the Settlement Agreement.

## Use of Order

27.     This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against Defendant or any Released Party of, wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff, the Plan, or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for

settlement purposes only. Defendant specifically denies any fault, breach, liability or wrongdoing.

### Jurisdiction

28.     The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.[2]


**SO ORDERED** July 27, 2020.

_____/s/ Laura Taylor Swain_____
The Honorable Laura Taylor Swain
United States District Judge

---

[2]     Addendum B hereto is a blacklined version of this order showing changes from the version that was proposed.

# Addendum A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

## PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS

You are receiving this notice (the "Notice") because the records of the Neuberger Berman Group 401(k) Plan (the "Plan") indicate that you have been a participant in the Plan and invested some or all of your Plan account in the Neuberger Berman Value Equity Fund ("VEF") between June 15, 2010 and December 16, 2019. As such, your rights may be affected by a proposed settlement of the class action litigation in the U.S. Federal Court for the Southern District of New York titled *Bekker v. Neuberger Berman Group 401(k) Plan Investment Committee*, Case No. 16-cv-06123-LTS-BCM (the "Action").

This Notice summarizes the proposed Settlement. Capitalized terms not defined in this Notice are defined in the Settlement Agreement. The complete terms and conditions of the Settlement are described in the Settlement Agreement, which is available at www._____.com, by contacting Class Counsel, Mark G. Boyko at mboyko@baileyglasser.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of New York during public service hours, provided the office is not closed to the public due to COVID-19.

## ~~PLEASE~~ DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

### What this Litigation is About

This class action litigation is brought on behalf of participants in the Plan. Arthur Bekker is the named plaintiff and the representative on behalf of all members of the Class in the litigation. The lawsuit was originally filed on August 2, 2016. The Class is generally defined as All Participants in the Neuberger Berman Group 401(k) Plan during the period from June 15, 2010, through December 16, 2019, who had any portion of their Plan accounts, at any time during that period, invested in the VEF.

Plaintiff originally sued Neuberger Berman Group LLC, Neuberger Berman LLC, Neuberger Berman Trust Company N.A, Marvin Schwartz, and the Neuberger Berman Group 401(k) Plan Investment Committee (the "Committee" or "Defendant"). At the time of settlement, only the Committee remained as a defendant. The complaint alleges that Defendant violated its fiduciary duties by continuing to offer the VEF in the Plan after it began charging fees to participants and after its performance weakened. Plaintiff alleges that there were superior, less expensive investment options available that Defendant should have chosen for the Plan. Plaintiff also alleges that, once the VEF began charging fees, the payment of those fees constituted transactions prohibited by the Employee Retirement Income Security Act of 1974 ("ERISA").

Defendant denies all allegations of wrongdoing, fault, liability or damage to the Plaintiff and the Class and denies that it engaged in any wrongdoing or violation of law or breach of

2

fiduciary duties. Defendant maintains that it acted in the best interests of Plan participants at all times and complied with its fiduciary obligations to the Plan and its participants. Among other things, Defendant contends that the Plan fiduciaries employed a robust and thorough process for selecting, monitoring, and removing Plan investment options and for monitoring fees. The VEF was removed from the Plan in December 2019.

### The Terms of the Settlement

To avoid the time and expense of further litigation, Plaintiff and Defendant have agreed to resolve the litigation. The Settlement is the product of extensive negotiations between the parties, who were assisted in their negotiations by a neutral private mediator. The parties have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. If the Settlement is approved by the Court, the Class will obtain the benefits of the Settlement without the further delay and uncertainty of additional litigation. The Settlement resolves all issues regarding the VEF and its fees from June 15, 2010 through the time the Court grants final approval of the Settlement.

The terms of the Settlement are set forth in the Settlement Agreement and Release dated June 10, 2020 (the "Settlement Agreement"), which is available on the Settlement Website at www._____.com. Those terms are summarized below. This Notice is a summary, and in the event of any inconsistency, the Settlement Agreement controls. Nothing in the Settlement Agreement is an admission or concession on Defendant's part of any fault or liability, nor is it an admission or concession on Plaintiff's part that his claims lacked merit.

1. **Who Is Covered by the Settlement?**

**Plaintiff will request that the Court certify a Class, and the Settlement will apply to, and be binding on, that Class. The Class is defined as:**

All Participants in the Neuberger Berman Group 401(k) Plan during the Class Period who had any portion of their Plan accounts, at any time during the Class Period, invested in the VEF. Excluded from the Settlement Class are: (i) Defendant Neuberger Berman Group 401(k) Plan Investment Committee and those of its current and past members who served from June 15, 2010 through August 2, 2016; (ii) non-party Marvin Schwartz; and (iii) beneficiaries, immediate family members, estates, and executors of (i) and (ii).

Plan records indicate that you may be a member of the Class because you are a current or former participant in the Plan who invested in the VEF at some point since June 15, 2010.

2. **Relief Provided to the Class by the Settlement.**

**Under the proposed Settlement, Defendant will arrange for $17,000,000 to be paid into a Settlement Fund. After payment of Settlement Administration Costs (such as the cost of distributing this Notice), Class Counsel's attorneys' fees and costs, and other expenses, the remaining Distributable Settlement Amount will be paid to the Class.**

The Distributable Settlement Amount will be distributed to eligible Settlement Class Members pursuant to a Plan of Allocation to be approved by the Court.[1] Individual payments under the Settlement for each Settlement Class Member will be determined in accordance with that Plan of Allocation, and cannot be quantified with certainty for any individual Settlement Class Member at this time. That is in part because the exact Distributable Settlement Amount and number of Settlement Class Members are not known at this time, although a preliminary review of Plan records suggests that approximately 1,500 individuals will be included in the Class. The proposed Plan of Allocation, and other case and settlement documents, are available at [URL].

On a summary level, the Plan of Allocation will work as follows: The Settlement Administrator will determine the Distributable Settlement Amount to be allocated to Settlement Class Members. The Settlement Administrator will then calculate the portion of the Distributable Settlement Amount to be allocated to each Settlement Class Member, based on that Settlement Class Member's quarter-ending account balances in the VEF throughout the Class Period. Thus, a Settlement Class Member's allocation will depend on the amount he or she had invested in the VEF during the Class Period, and for what amount of time. To ensure that no Settlement Class Member receives less than $10, any Settlement Class Member entitled to receive less than $10 will be allocated $10, and the remaining allocations will be adjusted proportionally. If enough assets remain in the Settlement Fund following the initial distribution, one or more subsequent distributions may be made pursuant to the Plan of Allocation.

Settlement benefits will be distributed as follows: Current Plan participants with a balance in the Plan on the Distribution Date will receive their distributions through an electronic transfer directly into their Plan accounts, which will be invested in accordance with the Participant's instructions for new contributions or, absent instruction, in the Plan's applicable default investment, which is currently the Plan's target date funds. Settlement Class Members who no longer maintain a balance in their Plan account as of the Distribution Date will receive a check automatically mailed to them at the address provided in the Settlement Administrator's records (generally, the address where this notice has been mailed).

**Actual allocation amounts will depend on the final Distributable Settlement Amount, the final number of Settlement Class Members, and the individual Settlement Class Member's aggregate quarterly VEF Plan investment balances and number of quarters in the Plan during the Class Period. It is possible that some Settlement Class Members may receive the minimum recovery of $10.**

All inquiries related to distributions should be addressed solely to the Settlement Administrator at the addresses listed below. In addition, if you are no longer a Plan Participant, you can contact the Administrator to request a roll-over of your distribution into a Qualified Retirement Account via email at [___@___.com]. If you are still a Plan Participant, your

---

[1]     The Distributable Settlement Amount is the Settlement Amount, minus (i) the amounts approved by the Court for Class Counsel's Attorneys' Fees and Expenses and Case Contribution Award to the named Plaintiff, (ii) Administration Costs, (iii) Independent Fiduciary Fees and Costs, and (iv) Taxes and Tax-Related Costs.

distribution will be made into your Plan account automatically and you do not need to request a roll-over.

The Settlement Administrator can also be reached by mail at:

[ADDRESS]

3.      **Summary of the Claims Released by the Class**. In exchange for the Settlement Amount and other terms of the Settlement, if the Settlement is approved, all members of the Class will release the "Released Claims"," which are defined in the Settlement Agreement to be "any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, against the Released Parties through the date the Court enters the Final Approval Order and Judgment (including, without limitation, any Unknown Claims) arising out of or in any way related to: (a) the conduct alleged in the Complaint or the First Amended Complaint and any subsequent pleading or legal memorandum filed in the Action; (b) the selection, retention, and monitoring of the VEF as a Plan investment option; (c) the performance, fees, and any other characteristic of the VEF; and (d) the approval by the Independent Fiduciary of the Settlement."

Settlement Class Members will not have the right to bring any Released Claims against the Defendant or other Released Parties. "Released Parties" is defined in the Settlement Agreement and means "(1) Defendant and, as applicable, each of its predecessors, successors, past, present and future members, fiduciaries, affiliates, agents, and representatives and each of their descendants, dependents, beneficiaries, marital community, heirs, executors, and administrators; (2) the Company (Neuberger Berman Group LLC) and each of its past, present and future parents, subsidiaries, affiliates, divisions, businesses, employee benefit plans, and related entities; (3) the Plan and each of its past, present and future trustees, fiduciaries (except the Independent Fiduciary), parties in interest, committees and committee members, employees, service providers, investment consultants, managers, administrators, actuaries, agents, representatives; (4) the VEF; and (5) each of the past, present, and future officers, directors, partners, shareholders, trustees, fiduciaries, employees, managers, insurers, attorneys, experts, agents and representatives of the entities and individuals in (1) through (4)."

The entire release is set forth in the Settlement Agreement, which can be viewed online at www._____.com, or requested from the Settlement Administrator or Class Counsel.

## The Settlement Approval Process

The Court has granted preliminary approval of the proposed Settlement and approved this Notice. The Settlement will not take effect, and there will be no benefits distributed under the Settlement, however, if the Court does not enter a Final Approval Order and Judgment or the Settlement otherwise does not become effective. The Court will hold a Final Approval Hearing on_____. The Court and the Parties anticipate the hearing will be conducted in Courtroom 17C at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Building & United States Courthouse, 500 Pearl Street, New York, New York.

, but the Court may, by order filed on the public record, change the format, time or place of the hearing. Class Counsel will attend the hearing to answer any questions the Court may have. You are not required to attend the Final Approval Hearing.

The date, modality and location of the Final Approval Hearing are subject to change by order of the Court without further notice to the Class. If you would like to attend the Final Approval Hearing, you should check the Settlement Website, [URL], or the Court's online docket to confirm that the date, modality or location has not been changed. Prior to the Final Approval Hearing, an Independent Fiduciary will be asked to approve the Settlement and Released Claims on behalf of the Plan, as may be required by ERISA Prohibited Transaction Exemption 2003-39 or any other applicable class or statutory exemptions.  The Court will be informed as to whether the Independent Fiduciary approved the Settlement and Released Claims on behalf of the Plan prior to ruling on the application for final approval of the Settlement.

**The Opportunity to Object to the Settlement**

As a Settlement Class Member, you can ask the Court to deny approval of the Settlement by filing an objection. You cannot, however, ask the Court to order a settlement on different terms; the Court can approve or reject the Settlement only on the terms reached by the Parties. If the Court denies approval, the Settlement Amount will not be distributed and the litigation will resume.

Any objection to the proposed Settlement must be made in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must be served upon Class Counsel and counsel for Defendant, and submitted to the Court either by mailing to the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, Room 120, New York, New York, 10007, or by filing in person at any location of the United States District Court for the Southern District of New York. The objection must be filed or postmarked(actually received by the Court) on or before [DATE]. Each objection must contain (a) the name and case number of the Action (*Bekker v. Neuberger Berman Group 401(k) Plan Investment Committee*, Case No. 16-cv-06123-LTS-BCM); (b) the Settlement Class Member's full name, address, telephone number, and signature; (c) a statement that the person submitting the comments or objections is a Settlement Class Member and an explanation of the basis upon which the person claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Final Approval Hearing in support of the objection.

5

Those Settlement Class Members or their attorneys intending to appear at the Final Approval Hearing must give notice of their intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) to Class Counsel and Defendant's Counsel and file it with the Court Clerk on or before [DATE].

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself (or "opt-out") from the Settlement. The Court has conditionally certified the Class under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Class.

**Attorneys' Fees and Case Contribution Award for Named Plaintiff**

The Class is represented by Class Counsel. The attorneys for the Class are as follows:

~~Gregory Y~~GregoryY.
Porter
Mark
G.
Boyko
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW Suite 540
Washington, DC 20007
mboyko@baileyglasser.com 314-863-5446

Class Counsel and the Named Plaintiff have devoted many hours to investigating the claims, bringing this litigation, and pursuing it for four years. During that time, Class Counsel incurred litigation expenses in addition to the time spent by attorneys, paralegals, and others. Class Counsel also took the risk of litigation and have not been paid for their time and expenses while this litigation has been pending before the Court.

Class Counsel will file a motion with the Court seeking approval of reasonable attorneys' fees and reimbursement of the expenses they incurred in prosecuting the litigation, to be paid from the Settlement Fund. Their request will not exceed (1) attorneys' fees of one-third of the Settlement Amount, or $5,666,667, and (2) reimbursement of expenses of up to $60,000.

Plaintiff will also request that the Court approve a Case Contribution Award of $20,000 for Plaintiff Bekker from the Settlement Fund.

Plaintiff's preliminary approval motion and supporting papers were filed on XXXXX, and the final approval motion and fee and expense motion, will be filed on or before [DATE]. You may review these filings at www.__.com. Any award of Attorneys' Fees and Expenses and Case Contribution Awards approved by the Court, in addition to the Administration Costs, Independent Fiduciary Fees and Costs, and Taxes and Tax-Related Costs, will be paid from the Settlement Fund.

## **Getting More Information**

**You do not need to do anything to be a part of this Class or, if the Settlement is approved, to be eligible to receive your share of the Settlement Fund. If you still have a Plan account with a positive balance when Settlement Fund distributions are made, your Settlement benefits will be distributed to your Plan account. If you no longer have a Plan account, a check will be mailed to you.**

You can visit the Settlement Website at www._____.com, where you will find the full Settlement Agreement, the Court's order granting preliminary approval, this Notice, and other relevant documents. If there are any changes to the deadlines identified in this Notice, the date of the Final Approval Hearing, or the Settlement Agreement, those changes will be posted to the Settlement Website. You will not receive an additional mailed notice with those changes, unless separately ordered by the Court. If you cannot find the information you need on the

Settlement Website, you may also contact **1-800-xxx-xxx**x for more information. Please do not contact the Court or counsel for Defendant to get additional information.

Dated:__, 2020                                    By Order of the United States District Court

# Addendum B

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 3 of 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

ARTHUR BEKKER, *individually, on behalf of a ~~class of all other persons similarly situated, and on behalf of the Neuberger Berman 401(k) plan,~~ class of all other persons similarly situated, and on behalf of the Neuberger Berman 401(k) plan,*

Plaintiff,

No. 16-cv-06123-LTS-BCM

v.

NEUBERGER BERMAN GROUP 401(K) PLAN
INVESTMENT COMMITTEE,

Defendant.

---------------------------------------------------------------X

### ~~[PROPOSED]~~ PRELIMINARY APPROVAL ORDER

1) **CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL;**
2) **GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;**
3) **ENJOINING SETTLEMENT CLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE RELEASED CLAIMS PENDING FINAL APPROVAL OF THE SETTLEMENT;**
4) **DIRECTING NOTICE TO SETTLEMENT CLASS MEMBERS AND APPROVING THE PLAN AND FORM OF NOTICE;**
5) **APPOINTING A SETTLEMENT ADMINISTRATOR;**
6) **SCHEDULING A FINAL APPROVAL HEARING; AND**
7) **SCHEDULING A HEARING ON CLASS COUNSEL'S MOTION FOR FEES AND COSTS AND THE PAYMENT OF A CASE CONTRIBUTION AWARD TO THE PLAINTIFF.**

The Court having received and considered Plaintiff's Unopposed Motion for Preliminary Approval, for Certification of Settlement Class, and for Appointment of Class Counsel (the "Motion") (~~Doc.~~ Docket Entry No. 132) in the above-captioned action (the "Action") and supporting papers including the Class Action Settlement Agreement dated June 10, 2020, (the "Settlement Agreement") and the declarations of counsel, having further considered the arguments of counsel and the pleadings and record in this case, and having ~~held a hearing on~~ taken the ~~motion on~~ Motion under submission, and finding good cause for granting the Motion,

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 4 of 3

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2.      This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.      Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.      The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Final Approval Hearing, and the mailing of notices to Settlement Class Members, each as provided for in this Order. The Court further finds that the Plan of Allocation proposed for allocating the Distributable Settlement Amount among Settlement Class Members is fair and reasonable.

5.      The Court approves the retention by Class Counsel of KCC Class Action Services LLC, as the Settlement Administrator.

6.      In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiff, and the Plan, and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, arbitration, or action (including but not limited

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 5 of 3

to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

7.  The Court approves the Notice of Proposed Class Action Settlement ("Notice") in the form attached as Exhibit B to the Settlement Agreement, subject to incorporation of the changes marked in Addendum A hereto.

**Class Certification for Settlement Purposes**

8.  Pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a proposed non-opt-out Settlement Class under Rule 23(b)(1) consisting of:

> All Participants in the Neuberger Berman Group 401(k) Plan during the Class Period who had any portion of their Plan accounts, at any time during the Class Period, invested in the VEF.[1]

9.  The Class Period is defined as June 15, 2010 through December 16, 2019.

10.  Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Actions would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; and (d) Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of the Settlement Class. With respect to the Settlement Class, the Court finds that the requirements of Rule 23(b)(1)(A) and 23(b)(1)(B) have been met. Prosecution of separate actions by individual members of the Settlement Class would create a

---

[1]  Excluded from the class are: (i) Defendant Neuberger Berman Group 401(k) Plan Investment Committee and those of its current and past members who served from June 15, 2010 through August 2, 2016; (ii) non-party Marvin Schwartz; and (iii) beneficiaries, immediate family members, estates, and executors of (i) and (ii).

Formatted: Font: 10 pt, Small caps

Formatted: Tab stops:  3.25", Left + 6.5", Right

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 6 of 3

¹ Excluded from the class are: (i) Defendant Neuberger Berman Group 401(k) Plan Investment Committee and those of its current and past members who served from June 15, 2010 through August 2, 2016; (ii) non-party Marvin Schwartz; and (iii) beneficiaries, immediate family members, estates, and executors of (i) and (ii).

risk of inconsistent or varying adjudications as to individual Settlement Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action. Monetary relief ordered as a result of any one action by an individual class member would alter the Plan for all class members, impairing or impeding those other members' ability to prosecute their interests.

11.     The Court hereby finds and concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that Plaintiff is an adequate class representative and certifies him as Class Representative for the Settlement Class. The Court also appoints Plaintiff's Counsel as Class Counsel for the Settlement Class.

**Manner of Giving Notice**

12.     Defendant shall use reasonable efforts to cause data to be provided to the Settlement Administrator not later than fourteen (14) calendar days from the date of this Order sufficient to determine the identity and last known address of Settlement Class Members. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and distribution of the Settlement Fund and for no other purpose.

13.     Not later than forty-five (45) calendar days after entry of this Order, the Settlement Administrator shall send the Notice by electronic mail to Settlement Class Members who have elected to receive their quarterly statements electronically, or by first-class mail to the last address on file at Fidelity for Settlement Class Members who do not receive their quarterly statements electronically. For those receiving the Notice via mail, the mailing address will be updated by the Settlement Administrator through the National Change of Address database

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 7 of 3

before mailing (with all returned mail skip-traced and promptly re-mailed).

14.     Not later than five (5) business days after sending the Notice to Settlement Class

Members, the Settlement Administrator shall provide to Class Counsel and to Defendants'

Counsel a declaration attesting to compliance with the sending of the Settlement Notices, as set

forth above.

15.     The Court finds that the Notice to be provided as set forth in this Order is the best

means of providing notice to the Settlement Class Members as is practicable under the

circumstances and, when completed, shall constitute due and sufficient notice of the Settlement

and the Final Approval Hearing to all persons affected by or entitled to participate in the

Settlement, the hearing on the motion for fees, or the Final Approval Hearing, in full compliance

with the requirements of due process and the Federal Rules of Civil Procedure.

16.     All reasonable costs incurred by the Settlement Administrator for providing the

Notice as well as for administering the Settlement shall be paid as set forth in the Settlement

Agreement without further order of the Court.

17.     The Court finds that the form of notice under the Class Action Fairness Act of

2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the

requirements of CAFA and will, upon mailing, discharge the Defendant's obligations pursuant to

CAFA..

**<u>Final Approval Hearing</u>**

18.     The Court will hold a settlement hearing (the "Final Approval Hearing") on

,November 19, 2020 at 10:00 a.m. It is expected that the hearing will be in Courtroom

17C at the United States District Court for the Southern District of New York, Daniel Patrick

Moynihan Building & United States Courthouse, 500 Pearl Street, New York, New York, for the

following purposesbut the Court reserves the right to conduct it by telephone conference with

public telephonic access if prudent in light of pandemic conditions.  The Court will enter an

7

order providing the relevant access information if the proceeding will be conducted telephonically.  The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit A to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Action; (c) to determine whether the proposed Plan of Allocation (attached as Exhibit C to the Settlement Agreement) for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved and to determine whether a Case Contribution Award for the Plaintiff should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in Paragraph 12 of this Order. Notice of any subsequent changes to the date, time, location, or process of the Final Approval Hearing shall be made by posting to the Settlement Website, unless additional notice is ordered by this Court.

19.     The Court may adjourn the Final Approval Hearing and approve the proposed Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

20.     Not later than sixty (60) calendar days before the Final Approval Hearing, Class Counsel shall submit their application for attorneys' fees, expenses, and a Case Contribution Award for Plaintiff. Counsel need not supply detailed billing and expense records or receipts unless the Court directs otherwise. A summary of hours for each timekeeper, the hourly rates used for each, and a summary of expenses by category should be sufficient.

**Formatted:** Font: 10 pt, Small caps

**Formatted:** Tab stops:  3.25", Left +  6.5", Right

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 9 of 3

21.     Not later than thirty (30) days before the Final Approval Hearing, Class Counsel

shall submit their papers in support of final approval of the Settlement Agreement.  Such

submission shall include affidavits or declarations in evidentiary form by persons with

knowledge of the factual representations proffered in support of approval of the settlement.

**Objections to the Settlement**

22.     The Court will consider written comments and objections to the Settlement

Agreement, to the proposed award of Attorneys' Fees and Expenses, or to the request for a Case

Contribution Award for the Plaintiff only if such written comments or objections are filed with

the Court Clerk not later than fourteen (14) calendar days before the Final Approval Hearing and

comply with the requirements of Paragraph 23 below, and are served on the Parties at the

following addresses

For Filing with the Court, mail to:

> Class Action Clerk of the Court
> United States District Court for the Southern District of New York
> 500 Pearl Street, Room 120, New York, New York, 10007

To Class Counsel:

> Gregory Y. Porter
> Mark G. Boyko
> BAILEY & GLASSER LLP
> 1055 Thomas Jefferson Street NW
> Suite 540
> Washington, DC 20007
> Telephone: (314) 863-5446
> Facsimile: (314) 863-5483
> Email: mboyko@baileyglasser.com

To Defendant's Counsel:

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 10 of 3

> Myron D. Rumeld
> Proskauer Rose LLP
> 11 Times Square
> New York, NY 10036
> Telephone: (212) 969-3000
> Facsimile: (212) 969-2900
> Email: mrumeld@proskauer.com

23.     The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court and include all of the following: (a) the name and case number of the Action at the beginning of the document; (b) the Settlement Class Member's full name, address, and telephone number at the beginning of the document, and signature at the end of the document; (c) a statement that the person submitting the comments or objections is a Settlement Class Member and an explanation of the basis upon which the person claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Final Approval Hearing in support of the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an order from the Court. The Plaintiff or Defendant may, bearing the cost, take discovery, including depositions not to exceed three hours in length, from anyone who files an objection with respect to any of the issues raised in the objection.

24.     Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing either in person or

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 11 of 3

through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Final Approval Hearing must effect service of a ~~notice~~Notice of ~~intention~~Intention to ~~appear~~Appear setting forth, among other things, the name and case number of the Action, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendant's Counsel (at the addresses set out above) and file it with the Court Clerk in the manner set forth in paragraph 22 above by no later than 14 calendar days before the Final Approval Hearing. Anyone who does not timely file and serve a ~~notice~~Notice of ~~intention~~Intention to ~~appear~~ Appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

~~24.~~25.   The Parties ~~may~~shall file written responses to any objections not later than seven (7) business days before the Final Approval Hearing.

### Termination of Settlement

~~25.~~26.   This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective statuses in the Action as of March 23, 2020, prior to this Settlement Agreement, if the Settlement Agreement is terminated in accordance with the terms of the Settlement Agreement.

### Use of Order

~~26.~~27.   This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against Defendant or any Released Party of, wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement

11

**Formatted:** Font: 10 pt, Small caps

**Formatted:** Tab stops:  3.25", Left +  6.5", Right

Case 1:16-cv-06123-LTS-BCM Document 132-6 Filed 06/10/20 Page 12 of 3

Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff, the Plan, or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendant specifically denies any fault, breach, liability or wrongdoing.

### Jurisdiction

27.28.   The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.[2]


**SO ORDERED** this____day of_____, 2020.


_____
The Honorable Laura Taylor Swain
U.S. United States District Court JudJudge

---

[2]    Addendum B hereto is a blacklined version of this order showing changes from the version that was proposed.