UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ARTHUR BEKKER, *individually, on behalf of a class of all other persons similarly situated, and on behalf of the Neuberger Berman 401(k) plan,*
                    Plaintiff,

    v.

NEUBERGER BERMAN GROUP 401(K) PLAN INVESTMENT COMMITTEE,
                    Defendant.
---------------------------------------------------------------X

No. 16-cv-06123-LTS-BCM

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, REIMBURMSENT OF EXPENSES AND NAMED PLAINITFF INCENTIVE AWARDS**

## I. INTRODUCTION

THIS MATTER is before the Court in connection with Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Award. In the Motion, Class Counsel, the law firm of Bailey & Glasser LLP, has asked this Court to compensate them for their role in obtaining a settlement of class claims under the Employee Retirement Income Security Act ("ERISA"). The settlement provides a $17 million monetary recovery for 1,451 class members generally consisting of participants in the 401(k) retirement plan offered to employees of Neuberger Berman ("Neuberger") who invested in the Value Equity Fund during the Class Period.

Class Counsel has asked this Court to award them a fee of 28% of the monetary settlement obtained, or $4,760,000. Class Counsel has also asked this Court to award them $41,083.58 for outstanding costs. Finally, Class Counsel requests a case contribution award of $20,000 for the named plaintiff, Mr. Bekker.

In a court-approved notice regarding the terms of the ERISA settlement, class members were advised of Class Counsel's request and were given an opportunity to object. Not a single one filed an objection to Class Counsel's request for fees and costs. The Court finds this to be an indication of the class's overwhelming and justified support for their Class Counsel and the Motion.

On November 19, 2020, this Court conducted a hearing regarding the Motion for Final Approval of Class Action Settlement as well as Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Award. Based upon the Court's observations of Counsel's conduct during this litigation, knowledge of the difficult legal issues facing the Plaintiff, and review of all settlement-related filings, including Plaintiff's Motion, this Order explains the Court's findings and conclusion that Counsel's fee and cost request, and Plaintiff's case contribution award, are reasonable and merited.

## II.  FINDINGS AND CONCLUSIONS

### A. Class Counsel's Request For Attorneys' Fees

Under Rule 23, when counsel obtain a settlement for a class, courts "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Likewise, "reasonable expenses of litigation" may be recovered from a common fund, *see Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391–92 (1970). Finally, class representative service awards "serv[e] the purposes of Rule 23" and may be

awarded to compensate efforts undertaken on behalf of class members. *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 151 (S.D.N.Y. 2010).

For purposes of evaluating the reasonableness of attorneys' fees, courts in the Second Circuit consider the following factors: (1) the time and labor expended by counsel; (2) the magnitude and complexity of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50.

Of these factors, "[g]enerally, the factor given the greatest emphasis is the size of the fund created, because 'a common fund is itself the measure of success … [and] represents the benchmark from which a reasonable fee will be awarded.'" Manual for Complex Litigation (Fourth), § 14.121 (2004) (quoting 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions, § 14:6, at 547, 550 (4th ed. 2002)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (the "critical factor is the degree of success obtained"). For this reason, among others, courts in the Second Circuit prefer using the percentage method for calculating common-fund attorney fees. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 422 (2d Cir. 2010). The percentage method is also advantageous over the lodestar alternative because it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation and internal quotation marks omitted).

**1. Time and Labor Expended by Counsel.**

Plaintiff is represented by national counsel Gregory Porter, Ryan Jenny, and Mark Boyko of Bailey & Glasser, LLP. Together, counsel has expended 1,386.5 hours to date to advance Plaintiff's cause, and incurred $41,083.58 in expenses.

Class Counsel has pursued this matter since 2016—over four years of research, investigation, briefing, and settlement efforts. Counsel researched the litigation pre-filing, worked with Plaintiff on the Complaint and Amended Complaint, as well as conducting factual case development, reviewing of discovery, and consulting with experts. Class Counsel were efficient and effective in securing this result for their client and the Class.

### 2. Magnitude and Complexities of the Litigation.

ERISA 401(k) fiduciary breach class actions are extremely complex and require a willingness to risk significant resources in time and money, given the uncertainty of recovery and the protracted and sharply-contested nature of ERISA litigation. ERISA is a "comprehensive and reticulated statute." *Nachman Corp. v. Pension Ben. Guaranty Corp.*, 446 U.S. 359, 361 (1980). Class Counsel thus must be knowledgeable about this complex and developing area of law, aware of numerous merits and procedural pitfalls, willing to risk dismissal at any stage, and prepared to pursue many years of litigation.  This case was no exception.  The complexity of such litigation is enormous and supports Plaintiff's fee request.

### 3. Risk of the Litigation.

"The level of risk associated with litigation … is 'perhaps the foremost factor' to be considered" in ascertaining a reasonable fee in a common-fund action. *McDaniel*, 595 F.3d at 424 (quoting *Goldberger*, 209 F.3d at 54 (internal citations omitted)). The risk of zero recovery here was present from the inception of this case. Dismissals have been obtained in cases alleging imprudent investment selection in 401(k) plans. *Sweda v. The University of Pennsylvania*, No. 16-4329, 2017 WL 4179752 (E.D. Penn. Sept. 21, 2017). Indeed, the original complaint in this action was dismissed. Further, the litigation was filed before the Supreme Court's decision in *Intel v. Sulyma*, which could have foreclosed Plaintiff's recovery based on statute of limitations.

Nevertheless, Class Counsel persisted in representing the Class despite these obstacles and uncertainty.

### 4. Quality of Representation.

Gregory Y. Porter, Ryan T. Jenny and Mark G. Boyko each have extensive experience at the forefront of this area of law. As the result of this case indicates, Class Counsel were able to leverage their expertise and experience with similar matters to achieve a positive, lasting, and meaningful benefit to the Class in this complex case.

### 5. Requested Fee in Relation to the Settlement.

Counsel's request for 28 percent of the common fund is reasonable and represents a discount compared to the norms in similar litigation. In ERISA 401(k) litigation specifically, the market rate is well above what Class Counsel request here. *See, e.g., Andrus v. New York Life Ins. Co.*, No. 16-5698, Dkt. 83 at 1 (S.D.N.Y. June 15, 2017) (approving one-third fee); *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15-9936, Dkt. 348 (S.D.N.Y. Mar. 7, 2019) (approving a 30 percent fee in a $21.9 million ERISA settlement). In numerous prior settlements of 401(k) fee cases, class counsel have been awarded one-third of the monetary recovery to the plans. *See Bilewicz v. FMR Co.*, No. 13-10636, 2014 WL 8332137, at *6 (D. Mass. Oct. 16, 2014) (approving a one-third fee from a $12 million recovery); *Kruger v. Novant Health, Inc.*, No. 14-208, 2016 WL 6769066, at *6 (M.D.N.C. Sept. 29, 2016); *Spano v. The Boeing Co.*, No. 06-743, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016); *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015); *Krueger v. Ameriprise Financial*, No. 11-2781, 2015 WL 4246879, at *4 (D. Minn. July 13, 2015); *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432, at *4 (S.D. Ill. Jan. 31, 2014). These fee awards establish that the

market rate for litigating ERISA 401(k) class actions is based on a percentage of the common fund and exceeds the 28 percent fee requested here.

### 6. Public Policy Considerations.

Counsel's fees should reflect the important public policy goal of providing lawyers with sufficient incentive to bring common fund cases, like this one, that serve the public interest. A fee that is too low would create poor incentives to bring a class action case such as this and would discourage lawyers from seeking plan improvements like the ones included in this settlement. Courts must scrutinize the unique circumstances of each case with "a jealous regard to the rights of those who are interested in the fund," but also provide incentives to bring these cases in the future. *Goldberger*, 209 F.3d at 53.

### B. A lodestar crosscheck confirms the reasonableness of the fee request.

A lodestar cross-check "create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district court[s] to engage in a gimlet-eyed review of line-item fee audits." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Nevertheless, Class Counsel's requested fee represents a lodestar multiplier of 5.85, which is within the range of acceptable multipliers. *In re Colgate-Palmolive Co. ERISA Litig.*, 36 F.Supp. 3d at 353 (approving multiplier of 5); *Sewell v. Bovis Lend Lease, Inc.*, No. 09-6548, 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("Courts routinely award lodestar multipliers between two and six.").

Here, Class Counsel has worked 1,386.5 hours to date, not including time Class Counsel chose not to bill, such as time spend drafting their Motion and other billing entries. Their base lodestar is $813,410, and thus the lodestar multiplier is 5.85, which is within the range of reasonableness, particularly given the level of risk they assumed, the success they ultimately

obtained, and the fact that the hourly rates identified are below those charged by other firms litigating in this field.

### C. Plaintiff's efforts on behalf of the Class merit the requested service awards.

Plaintiff seeks a case contribution award of $20,000. Plaintiff willingly put himself forward in litigation against his former employer regarding his personal finances. *Beesley*, 2014 WL 375432, at *4 (risks of acting as named plaintiff in ERISA action include "alienation from employers or peers"). Not only did he participate in the litigation throughout, including being deposed, as the sole class representative the litigation could not have continued without him. In recognition of his service, the requested award is reasonable.

### D. The Court also awards reimbursement of Class Counsel's costs.

Reimbursement of the litigation expenses that Counsel advanced in prosecuting this case is also warranted. Fed. R. Civ. P. 23(h).

Counsel in common fund cases may recover those expenses that would normally be charged to a fee-paying client. Counsel brought this case without guarantee of reimbursement or recovery, so they had a strong incentive to keep costs to a reasonable level, and they did so.

The Court has reviewed Class Counsel's description of these costs and expenses, broken down by category. The costs and expenses are the types of costs and expenses that are routinely reimbursed by paying clients, such as experts' fees, travel, mediation fees, and photocopying costs. Counsel's request for reimbursement of costs and expenses is fair and reasonable.

## III. CONCLUSION

After consideration of Counsel's Petition, the Court concludes that the requested attorneys' fees and cost reimbursements are fair and merited. Accordingly, it is

**ORDERED** that the requested attorney' fee of $4,760,000 is **APPROVED**, and it is

**FURTHER ORDERED** that the requested reimbursement of $41,083.58 in outstanding costs and case contribution award of $20,000 to Arthur Bekker are **APPROVED.**

**SO ORDERED** this 1st day of December, 2020.

        /s/ Laura Taylor Swain_____
The Honorable Laura Taylor Swain
United States District Court Judge