**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ARTHUR BEKKER, individually, on behalf of a
class of all other persons similarly situated, and
on behalf of the Neuberger Berman 401(k) plan,

                Plaintiff,                        16 **CIVIL** 6123 (LTS)(BCM)

       -against-                             **JUDGMENT**

NEUBERGER BERMAN GROUP 401(K)
PLAN INVESTMENT COMMITTEE,

                Defendants
-------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated December 1, 2020, Approving Settlement of Class Action, there is no just reason to delay entry of final judgment with respect to the claims asserted in the Action. Accordingly, final judgment is entered and the case is closed. (see attached Order, ECF No. 149).

**Dated:** New York, New York
          December 2, 2020

                                                            **RUBY J. KRAJICK**
                                                             **Clerk of Court**
                           **BY:**           K. Mango
                                                               **Deputy Clerk**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
ARTHUR BEKKER, *individually, on behalf of a class of all other persons similarly situated, and on behalf of the Neuberger Berman 401(k) plan,*
                                    Plaintiff,

   v.

NEUBERGER BERMAN GROUP 401(K) PLAN INVESTMENT COMMITTEE,
                                    Defendant.
-----------------------------------------------------------------X

No. 16-cv-06123-LTS-BCM

## ORDER APPROVING SETTLEMENT OF CLASS ACTION

WHEREAS, Arthur Bekker (the "Plaintiff") in the above-captioned lawsuit (the "Action") on behalf of himself and the Settlement Class and the Plan, and Defendant Neuberger Berman Group 401(k) Plan Investment Committee ("Defendant"), have entered into a Class Action Settlement Agreement dated June 10, 2020 (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendant by Settlement Class Members on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated July 27, 2020 (Dkt. 134) (the "Preliminary Approval Order"), this Court (1) conditionally certified the Settlement Class and appointed Class Counsel; (2) preliminarily approved the Settlement; (3) directed notice to Settlement Class Members and approved the plan and form of Notice; (4) approved the Plan of Allocation and appointed a Settlement Administrator; (5) scheduled a Final Approval Hearing; and (6) scheduled a hearing on Plaintiff's Counsel's motion for fees and costs and the payment of Case Contribution Awards;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 19, 2020 (the "Final Approval Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit A to the Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendant; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of litigation expenses and for Case Contribution Awards should be approved; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, including the supplemental submission dated November 20, 2020, (Dkt. 148), all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **<u>Jurisdiction</u>:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **<u>Incorporation of Settlement Documents and Proceedings</u>:**  This Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on June 10, 2020, including the Plan of Allocation submitted therewith, (b) the Notice approved by the Court on July 27, 2020, and (c) the Court's reasoning stated on the record at the Final Approval

Hearing on November 19, 2020.

3. **Objections:** The Court has not received any objections to the Settlement. Counsel have informed the Court that they are not aware of any objections, either. The lack of any objections strongly weighs in favor of approval of the Settlement.

4. **Class Certification for Settlement Purposes**: The Court hereby affirms its determinations certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure with the Settlement Class consisting of:

> All Participants in the Neuberger Berman Group 401(k) Plan during the Class Period (June 15, 2010 through December 16, 2019) who had any portion of their Plan accounts, at any time during the Class Period, invested in the VEF. Excluded from the class are: (i) Defendant Neuberger Berman Group 401(k) Plan Investment Committee and those of its current and past members who served from June 15, 2010 through August 2, 2016; (ii) non-party Marvin Schwartz; and (iii) beneficiaries, immediate family members, estates, and executors of (i) and (ii).

5. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiff as Class Representative for the Settlement Class and appointing Plaintiff's Counsel as Class Counsel for the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and finding that the Settlement has satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

6. **Notice:** The Court finds that the dissemination of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise all Settlement Class Members of the pendency of the Action, of the

effect of the Settlement (including the releases provided for therein), of Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and case contribution awards, of their right to object to the Settlement, the Plan of Allocation and Plaintiff's Counsel's motion for attorneys' fee and reimbursement of litigation expenses, and of their right to appear at the Final Approval Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

7. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects including, without limitation, the amount of the Settlement; the releases provided for therein; and other dismissal with prejudice of the claims asserted in the Action, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiff and the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Agreement.

8. As of the Settlement Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in this Action are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

9. **Binding Effect**: The terms of the Settlement Agreement and of this Order shall be forever binding on Defendant, Plaintiff, the Plan, and all Settlement Class Members, as well as their respective current and former beneficiaries, dependents, representatives, heirs, executors, administrators, predecessors, successors and assigns.

10. **<u>Releases</u>**:  The releases set forth in the Settlement Agreement, including but not limited to Paragraph 6 of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraphs 2 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Approval Order. Accordingly, the Court orders that, as of the date of entry of this Final Approval Order:

   a. The Plaintiff and each of the other Settlement Class Members (on behalf of themselves and their past, present and future heirs, beneficiaries, executors, administrators, estates, partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), for themselves and on behalf of the Plan, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice  all Released Claims;

   b. The Plan, having received Independent Fiduciary approval as required by Section 3.8 of the Settlement Agreement, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Released Claims;

   c. Plaintiff and each Settlement Class Member (on behalf of themselves and their past, present and future heirs, beneficiaries, executors, administrators, estates, partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), for themselves and on behalf of the Plan, and the Plan (having received Independent Fiduciary approval as required by Section 3.9 of the Settlement

Agreement), acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims and that the foregoing covenants and agreements shall be a complete defense to any such Released Claims against any of the respective Released Parties. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement.

d. If any Settlement Class Member or the Plan violates the covenant in Section 10(c) and the Released Party impacted is successful in having the claim dismissed, the Released Party shall be deemed to be a prevailing party for purposes of recovering attorneys' fees and costs incurred in defending against any such action.

e. Defendant shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and shall forever be enjoined from prosecuting, any or all claims against Plaintiff related to the pursuit of the Action as provided in the Settlement Agreement.

11. **<u>Bar Order</u>**: Upon the date of the entry of this Final Approval Order, all persons and entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any and all claims, actions, suits, causes of actions, arbitrations, or demands in any forum against any of the Released Parties for recovery, contribution,

indemnification or otherwise for any damages allegedly arising from any of the Released Claims, or the settlement thereof.

12. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendant by Settlement Class Members.

13. **No Admissions**: This Order, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, and the negotiations that led to the agreement in principle reached on March 23, 2020, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Settlement Agreement or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Released Party of wrongdoing or liability in the Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be offered as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any Released Party with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was, could have been, or may be asserted or the deficiency of any defense that has been, could have been, or may be asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any Released Party; (d)

shall not be offered against Plaintiff as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiff in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (e) shall not be construed against any of the Parties as an admission, concession, or presumption that the Settlement Amount represents the amount which could be or would have been recovered by the Settlement Class after trial with respect to their claims in the Action; and (f) shall not be construed against the Plaintiff as an admission, concession, or presumption that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants have or had meritorious defenses, or that damages recoverable by the Settlement Class would not have exceeded the Settlement Amount.

14. **<u>Retention of Jurisdiction</u>**: Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiff's Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) the Settlement Class Members for all matters relating to the Action; and (f) the interpretation, implementation and enforcement of this Order.

15. **<u>Fees and Awards.</u>** A separate order shall be entered on the motion of Plaintiff's Counsel for an award of attorneys' fees and reimbursement of litigation expenses and Case

Contribution Fees. Such order shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of Settlement Agreement**.  Without further approval from the Court, Plaintiff and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Order; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination**: If the Effective Date does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Order (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

18. **Entry of Final Judgment**:  There is no just reason to delay entry of final judgment with respect to the claims asserted in the Action. Accordingly, the Clerk of the Court is directed to enter final judgment and close the case.

**SO ORDERED** this 1st day of December, 2020.

  /s/ Laura Taylor Swain         
The Honorable Laura Taylor Swain
United States District Court Judge